01

02

03

04                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
05                              AT SEATTLE

06  FRANKLIN O. RAMEL,                )   CASE NO. C05-1913-RSL
                                      )
07          Plaintiff,                )
                                      )
08      v.                            )
                                      )   REPORT AND RECOMMENDATION
09  JO ANNE B. BARNHART,              )   RE: SOCIAL SECURITY
    Commissioner of Social Security   )   DISABILITY APPEAL
10                                    )
            Defendant.                )
11  _____  )

12          Plaintiff Franklin O. Ramel proceeds through counsel in his appeal of a final decision of

13  the Commissioner of the Social Security Administration (Commissioner).  The Commissioner

14  denied plaintiff's application for Supplemental Security Income (SSI) benefits and Disability

15  Insurance (DI) benefits after a hearing before an Administrative Law Judge (ALJ).  Having

16  considered the ALJ's decision, the administrative record (AR), and all memoranda of record, it

17  is recommended that this matter be REMANDED for further administrative proceedings.

18                      **FACTS AND PROCEDURAL HISTORY**

19          Plaintiff was born on XXXX, 1960. [1]  He did not complete high school, but obtained a

20  _____

21          [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
    General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the
22  official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

01  GED and a certification for plumbing and pipe fitting.  Plaintiff previously worked as a van driver,

02  custodian, and plumber.

03      Plaintiff filed an application for SSI and DI benefits on July 19, 2002, alleging disability

04  beginning March 1, 1999 due to an anxiety disorder, attention deficit disorder, back pain,

05  weakened right leg, cognitive and memory problems, limited range of motion in his neck, and

06  chest pain.  (AR 111-14, 414-17.)  Plaintiff was insured for DI benefits through December 2000.

07      Plaintiff's applications were denied initially and on reconsideration, and he timely requested

08  a hearing.  On October 5, 2004, ALJ John Bauer held a hearing, taking testimony from plaintiff

09  and vocational expert Richard King.  (AR 27-81.)  On December 1, 2004, ALJ Bauer issued a

10  decision finding plaintiff not disabled.  (AR 17-26.)

11      Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on

12  September 23, 2005, making the ALJ's decision the final decision of the Commissioner.  (AR 5-7).

13  Plaintiff appealed this final decision of the Commissioner to this Court.

14      The Court heard oral argument in this matter on July 19, 2006.

## JURISDICTION

16      The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

18      The Commissioner follows a five-step sequential evaluation process for determining

19  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

20  be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not

21  engaged in substantial gainful activity during the period at issue.  At step two, it must be

22  determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's mild

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01  attention deficit disorder, adjustment disorder with anxiety, mixed personality disorder, and mild

02  degenerative disc disease severe.  Step three asks whether a claimant's impairments meet or equal

03  a listed impairment.  The ALJ found that plaintiff's impairments did not meet or equal the criteria

04  for any listed impairments.  If a claimant's impairments do not meet or equal a listing, the

05  Commissioner must assess RFC and determine at step four whether the claimant has demonstrated

06  an inability to perform past relevant work.  The ALJ found plaintiff capable of lifting twenty

07  pounds occasionally and ten pounds frequently, with a moderate limitation in concentration,

08  persistence, and pace, and only able to work with occasional contact with the public or coworkers.

09  The ALJ concluded plaintiff was unable to perform his past relevant work.  If a claimant

10  demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner

11  to demonstrate at step five that the claimant retains the capacity to make an adjustment to work

12  that exists in significant levels in the national economy.  The ALJ found plaintiff capable of making

13  an adjustment to work existing in significant numbers in the national economy, including as a food

14  prep worker or file clerk.

15      This Court's review of the ALJ's decision is limited to whether the decision is in

16  accordance with the law and the findings supported by substantial evidence in the record as a

17  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

18  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

19  mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750

20  (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

21  decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

22  2002).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01        Plaintiff argues that the ALJ improperly rejected the opinions of treating physicians, failed

02   to perform the proper analysis of his pain, improperly assessed his credibility, erred in disregarding

03   the lay witness statement of his sister without comment, and failed to meet his step five burden.

04   Plaintiff requests remand for an award of benefits or, in the alternative, for further administrative

05   proceedings.   The Commissioner argues that the ALJ's decision is supported by substantial

06   evidence and should be affirmed.  The parties also dispute the relevance of an April 2005

07   evaluation from one of plaintiff's treating physicians

08        The Court has discretion to remand for further proceedings or to award benefits.   *See*

09   *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  The Court may direct an award of benefits

10   where "the record has been fully developed and further administrative proceedings would serve

11   no useful purpose." *McCartey v. Massanari* 298 F.3d 1072, 1076 (9th Cir. 2002).

12        Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient
          reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that
13        must be resolved before a determination of disability can be made; and (3) it is clear
          from the record that the ALJ would be required to find the claimant disabled if he
14        considered the claimant's evidence.

15        *Id*. at 1076-77.   In this case, the undersigned recommends that this matter be
          remanded for further administrative proceedings.

16

17                                          Physicians' Opinions

18        In general, more weight should be given to the opinion of a treating physician than to a

19   non-treating physician, and more weight to the opinion of an examining physician than to a non-

20   examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted

21   by another physician, a treating or examining physician's opinion may be rejected only for "'clear

22   and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

01   Where contradicted, a treating or examining physician's opinion may not be rejected without

02   "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."

03   *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  Where the opinion

04   of the treating physician is contradicted, and the non-treating physician's opinion is based on

05   independent clinical findings that differ from those of the treating physician, the opinion of the

06   non-treating physician may itself constitute substantial evidence.  *See Andrews v. Shalala*, 53 F.3d

07   1035, 1041 (9th Cir. 1995).  It is the sole province of the ALJ to resolve this conflict.  *Id.*

08         Plaintiff argues that the ALJ failed to properly assess the opinions of his treating physicians

09   – Drs. Nina Greenblatt and Elizabeth Noll.  He maintains that the ALJ relied solely on the opinions

10   of state agency, non-examining physicians – Drs. Gerald Peterson and Stephen Goldberg, that the

11   opinions of Drs. Greenblatt and Noll were uncontradicted, and that the ALJ could only reject these

12   opinions "by providing specific and legitimate reasons that are clear and convincing."  (Dkt. 13

13   at 12.)[2]  Plaintiff maintains the ALJ simply parroted the findings of the state agency physicians,

14   making no reference to his problems with panic, tearfulness, or profuse sweating.

15   A.   Dr. Nina Greenblatt

16         Plaintiff points to an August 2004 evaluation by Dr. Greenblatt.  (*See* AR 349-52.)  In that

17   report, Dr. Greenblatt referred plaintiff to physical therapy for back pain, which she noted she had

18   first become aware of on that date, and further noted her belief that plaintiff is "severely

19   functionally limited due to his mental health issues."  (AR 352.)  Plaintiff posits that the ALJ

20   apparently rejected this report, simply mentioning it in his decision without indicating why it had

21   ──────────────────

22         [2] The latter contention conflates the two tests for considering uncontradicted and
     contradicted opinions.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01 been disregarded. (*See* AR 21.) Plaintiff also points to other referrals made by Dr. Greenblatt as

02 reflecting the seriousness with which she took his various complaints.

03       The Commissioner denies that the ALJ relied solely on the opinions of Drs. Peterson and

04 Goldberg, asserting that he also relied on the opinions of Dr. Greenblatt. The Commissioner notes

05 that, as concluded by Dr. Greenblatt, the ALJ found plaintiff limited to light work, that is, able to

06 lift twenty pounds occasionally and ten pounds frequently. (AR 21, 23.) The Commissioner also

07 asserts that the ALJ's acknowledgment of plaintiff's severe mental impairments and finding of a

08 moderate limitation in concentration, persistence, and pace and limitation of only occasional

09 contact with coworkers and the public was consistent with Dr. Greenblatt's opinions.

10       In reply, plaintiff clarifies that Dr. Greenblatt treated plaintiff primarily for physical

11 complaints, referring him to Dr. Noll for his mental health treatment. Plaintiff asserts that he

12 primarily suffers from a severe mental illness and that the ALJ failed to recognize the weight and

13 importance of Dr. Greenblatt's reports or provide a basis for rejecting her opinions.

14       The ALJ did not simply rely on the opinions of Drs. Peterson and Goldberg. Instead, he

15 found as follows:

16       The State Agency physicians felt that the claimant was limited to light work. This is
         the capacity assessment by the claimant's treating physician. While I feel that this is
17       probably more restrictive than the claimant's activities indicate, I will accept this
         assessment. I generally agree with the State Agency physicians concerning claimant's
18       mental limitations, but note that the record does support that the claimant has
         frequently reported problems with anger, so he probably should not work closely with
19       others or the general public.

20 (AR 23.) The ALJ subsequently concluded that plaintiff retained the RFC to lift twenty pounds

21 occasionally and ten pounds frequently, and assessed a moderate limitation in concentration,

22 persistence, and pace and only occasional contact with the public and coworkers. (*Id.*)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01         Accordingly, as indicated by the Commissioner, the ALJ assessed a physical RFC

02  consistent with Dr. Greenblatt's August 2004 evaluation.  Moreover, if anything, plaintiff

03  downplays the relevance of Dr. Greenblatt's opinions as to his mental problems, noting that she

04  treated him primarily for physical issues.  Dr. Greenblatt's unelaborated statement that plaintiff

05  was "severely functionally limited due to his mental health issues" is, therefore, not particularly

06  compelling.  (AR 352.)  For these reasons, plaintiff fails to demonstrate error in the ALJ's

07  consideration of the opinions of Dr. Greenblatt.

08  B.    <u>Dr. Elizabeth Noll</u>

09         Plaintiff states that, while referencing her treatment records, the ALJ gave no indication

10  as to whether he accepted or rejected the opinions of Dr. Noll.  He asserts that it does not appear

11  the ALJ adopted Dr. Noll's diagnosis of probable attention deficit disorder, adjustment disorder

12  with anxiety, and mixed personality disorder with schizoid and avoidant traits.  (*See* AR 302.)

13         Plaintiff also points to an April 2005 report from Dr. Noll submitted to the Appeals

14  Council, after the ALJ's December 2004 decision. ( *See* AR 436-44.)  In that report, Dr. Noll

15  found plaintiff met the criteria for Listing 12.04, affective disorders.  (AR 443.)  In an attached

16  letter, Dr. Noll stated as follows:

> Mr. Ramel suffers with Adult Attention Deficit Hyperactivity Disorder, recurrent Major Depression, a mixed Personality Disorder, and has a history of a closed head injury.  He suffers with episodes of anxiety and panic attacks, but does not meet the criterion for Panic Disorder.
>
> Mr. Ramel's depression and anxiety symptoms have not responded well to serotonin-type antidepressants, but he is more functional on the antidepressant Wellbutrin, the mood stabilizer Topamax, and an anti-anxiety medication when needed.  He did not respond well to standard medications for Attention Deficit Hyperactivity Disorder.
>
> Despite some modest improvements in mood and energy level, Mr. Ramel continues

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

01    to suffer with a very low frustration tolerance and stress tolerance, which prevent him
02    from being able to work for pay, and to have meaningful interpersonal relationships.

03    (AR 436.)  Plaintiff states that, because the Commissioner declined review of the April 2005

04    report, it cannot be ascertained what weight it would have been given.

05          The Commissioner responds that the ALJ did, in fact, accept Dr. Noll's diagnoses of

06    attention deficit disorder, adjustment disorder with anxiety, and mixed personality disorder –

07    finding all of these conditions severe at step two.  (AR 21.)  With respect to Dr. Noll's April 2005

08    report, the Commissioner notes that the Appeals Council found it did not meet the criteria for a

09    grant of review.  (*See* AR 5-6 (considering additional evidence, but denying request for review.))

10    Pointing to sovereign immunity and applicable laws and regulations, the Commissioner asserts

11    that, because the Appeals Council denied review, the Court may only review the final decision of

12    the Commissioner –  the decision of the ALJ. *See* 42 U.S.C. § 405(g) (allowing for judicial review

13    of "any final decision of the Commissioner of Social Security made after a hearing"); *United States*

14    *v. Idaho*, 508 U.S. 1, 6-7 (1993) (waivers of federal sovereign immunity must be made by specific

15    statutory language); 20 C.F.R. § 422.210(a) ("A claimant may obtain judicial review of a decision

16    by an administrative law judge if the Appeals Council has denied the claimant's request for review,

17    or of a decision by the Appeals Council when that is the final decision of the Commissioner."); and

18    *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) ("SSA regulations provide that, if the Appeals Council

19    grants review of a claim, then the decision that the Council issues is the Commissioner's  final

20    decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the

21    final decision.") The Commissioner maintains that, because the Court may only review final

22    decisions, it may not review the Appeals Council's decision to deny review, including the Appeals

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -8

01 Council's conclusion here that Dr. Noll's opinions did not provide a basis for a grant of review.

02      The Commissioner adds that this Court may only review evidence from Dr. Noll pursuant

03 to sentence six of 42 U.S.C. § 405(g): "The court . . . may at any time order additional evidence

04 to be taken before the Commissioner . . . , but only upon a showing that there is new evidence

05 which is material and that there is good cause for the failure to incorporate such evidence into the

06 record in a prior proceeding[.]"  The Commissioner asserts that plaintiff fails to establish good

07 cause.  Specifically, she states that plaintiff's failure to solicit the evidence from Dr. Noll – who

08 began treating plaintiff in January 2002 – prior to the ALJ's decision, bars its admission now.  *See*

09 *Clem v. Sullivan*, 894 F.2d 328, 332-33 (9th Cir. 1990) ("The claimant must establish good cause

10 for not seeking the expert's opinion prior to the denial of his claim.") The Commissioner further

11 argues that Dr. Noll's April 2005 opinions are not material to the period at issue, describing, for

12 example, a statement made in the present tense.  (AR 436 (stating plaintiff has "a very low

13 frustration and stress tolerance, which prevent him from being able to work for pay, and to have

14 meaningful relationships.")) and *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) ("To be

15 material under section 405(g), the new evidence must bear 'directly and substantially on the matter

16 in dispute.' Mayes must additionally demonstrate that there is a 'reasonable possibility' that the

17 new evidence would have changed the outcome of the administrative hearing.") (cited sources

18 omitted).

19      Plaintiff responds that neither sovereign immunity, nor "good cause/materiality" apply

20 when the Appeals Council has, as in this case, already made the new evidence part of the record.

21 (*See* AR 5-8 (noting additional evidence was considered and stating: "The Appeals Council has

22 received additional evidence [including medical records from Dr. Noll] which it is making part of

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -9

01  the record.")) and *Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000)  ("We properly may

02  consider the additional materials because the Appeals Council addressed them in the context of

03  denying Appellant's request for review."; remanding for further consideration of the evidence,

04  including that submitted to the Appeals Council, without mention of whether such evidence must

05  be new, material, or previously omitted for good cause); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-

06  52 (9th Cir. 1993) ("Although the ALJ's decision became the Secretary's final ruling when the

07  Appeals Council declined to review it, the government does not contend that the Appeals Council

08  should not have considered the additional report submitted after the hearing, or that we should not

09  consider it on appeal.  Moreover, although the Appeals Council 'declined to review' the decision

10  of the ALJ, it reached this ruling after considering the case on the merits; examining the entire

11  record, including the additional material; and concluding that the ALJ's decision was proper and

12  that the additional material failed to 'provide a basis for changing the hearing decision.' For these

13  reasons, we consider on appeal both the ALJ's decision and the additional material submitted to

14  the Appeals Council.")  *See also* 42 U.S.C. § 405(g) (sentence four states: "The court shall have

15  power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying,

16  or reversing the decision of the Commissioner of Social Security, with or without remanding the

17  cause for a rehearing.") and 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted,

18  the Appeals Council shall consider the additional evidence only where it relates to the period on

19  or before the date of the administrative law judge hearing decision.")  He distinguishes the cases

20  cited by the Commissioner as relating to "new evidence" or evidence found not to be relevant, *see*

21  *Clem*, 894 F.2d at 332 and  *Mayes*, 262 F.3d at 972, and notes that neither case involved any

22  discussion of sovereign immunity.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -10

01      The ALJ's decision reflects consideration of Dr. Noll's opinions.  As noted by the

02 Commissioner, the ALJ accepted Dr. Noll's diagnoses of attention deficit disorder, adjustment

03 disorder with anxiety, and mixed personality disorder, designating these conditions severe at step

04 two.  (AR 21.)  The ALJ also, as reflected above, took note of plaintiff's reported problems with

05 anger, adding a limitation on working closely with others or the public onto the limitations

06 assessed by Drs. Peterson and Goldberg, and found a moderate deficiency in concentration,

07 persistence, and pace.  (AR 22-23.)  For these reasons, plaintiff fails to demonstrate error in the

08 ALJ's consideration of the opinions of Dr. Noll.

09      The ALJ could not, of course, consider the April 2005 report from Dr. Noll submitted only

10 to the Appeals Council.  As argued by plaintiff, Ninth Circuit case law clearly supports the

11 proposition that evidence submitted to the Appeals Council becomes part of the administrative

12 record for the purposes of this Court's review.  *See Harman*, 211 F.3d at 1180-81; *Ramirez*, 8

13 F.3d at 1451-52.  *See also Gomez v. Chater* , 74 F.3d 967, 971 (9th Cir. 1996) ("Although the

14 Appeals Council affirmed the decision of the ALJ denying benefits to Gomez, [evidence submitted

15 to the Appeals Council] is part of the record on review to this court."); *Barbato v. Commissioner*

16 *of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1275 (C.D. Cal. 1996) ("Where, as here, the Appeals

17 Council considered additional evidence but denied review, the additional evidence becomes part

18 of the administrative record for purposes of the Court's analysis.")  The parties dispute, however,

19 whether that evidence is reviewed pursuant to sentence four or sentence six of 42 U.S.C. § 405(g).

20 This dispute presents a recurring issue in cases coming before this Court.

21      During oral argument, and in previous cases, the Commissioner pointed to decisions from

22 circuit courts supporting their position that evidence submitted to the Appeals Council should not

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -11

01  be considered by the district court, unless within the confines of sentence six of § 405(g), requiring

02  good cause and materiality as described above. *Matthews v. Apfel*, 239 F.3d 589, 591-94 (3d Cir.

03  2001); *Falge v. Apfel*, 150 F.3d 1320, 1322-23 (11th Cir. 1998); and *Cotten v. Sullivan*, 2 F.3d

04  692, 695-96 (6th Cir. 1993).  *See also Mills v. Apfel*, 244 F.3d 1, 4-6 (1st Cir. 2001) (district

05  court may only review evidence presented to the ALJ, but may review Appeals Council's refusal

06  to review where it gives an egregiously mistaken ground for the denial); *Eads v. Secretary of the*

07  *Dep't of Health and Human Servs.*, 983 F.3d 815, 817-18 (7th Cir. 1993) (district court may not

08  consider evidence first presented to the Appeals Council, but can review Appeals Council's denial

09  of review for legal error).  However, the Commissioner ignores the circuit court decisions reaching

10  the contrary conclusion.  *See Higginbotham v. Barnhart*, 405 F.3d 332, 335-37 (5th Cir. 2005);

11  *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir.

12  1994); *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992); *Wilkins v. Secretary, Dep't of*

13  *Health and Human Servs.*, 953 F.2d 93, 96 (8th Cir. 1992).  Nor does the Commissioner

14  acknowledge that courts directly addressing this circuit split – including one relied on by the

15  Commissioner – put the Ninth Circuit squarely within the latter group of cases.    *See, e.g.*,

16  *Matthews*, 239 F.3d at 590; *Perez*, 77 F.3d at 44-45.  Likewise, this Court previously held that

17  "evidence that was presented to the Appeals Council should be evaluated pursuant to 'sentence

18  four' of 42 U.S.C. § 405(g)."  *Anderson v. Barnhart* , No. C02-2174L, slip op. at 1-3 (W.D.

19  Wash. Nov. 21, 2003) (citing *Harman*, 211 F.3d at 1180-81).

20        The Commissioner's position, therefore, appears to rest upon the fact that the Ninth

21  Circuit decisions allowing consideration of Appeals Council evidence do not explicitly address

22  whether or not good cause and materiality is required.  As previously noted by the Commissioner,

01 in *Mayes*, the Ninth Circuit stated: "Because the parties [in *Ramirez*] agreed that the new evidence

02 submitted for the first time to the Appeals Council should be considered,      *Ramirez* does not

03 address whether submissions to the Appeals Council are or are not subject to the good cause

04 requirement." 276 F.3d at 461 n.3 (internal citation omitted).  However, the *Mayes* decision did

05 not address the additional reason cited in *Ramirez* for considering Appeals Council evidence:

> Moreover, although the Appeals Council 'declined to review' the decision of the ALJ,
> it reached this ruling after considering the case on the merits; examining the entire
> record, including the additional material; and concluding that the ALJ's decision was
> proper and that the additional material failed to 'provide a basis for changing the
> hearing decision.  For these reasons, we consider on appeal both the ALJ's decision
> and the additional material submitted to the Appeals Council.

10 8 F.3d at 1452.  Nor did the Ninth Circuit in *Mayes* mention or discuss its previous decisions in

11 *Gomez*, 74 F.3d at 971, and *Harman*, 211 F.3d at 1180, wherein there was no indication the

12 parties agreed that Appeals Council evidence should be considered.  Finally, the Ninth Circuit in

13 *Mayes* also stated that it "need not decide whether good cause is required for submission of new

14 evidence to the Appeals Council[.]" 276 F.3d at 461 n.3.

15    Moreover, given the absence of any discussion or consideration of good cause and

16 materiality, the Ninth Circuit decisions in *Ramirez* and *Harman* can be read to implicitly allow for

17 consideration of Appeals Council evidence pursuant to sentence four of § 405(g).  Like  other

18 circuit courts more directly addressing this disputed issue, it appears that in finding Appeals

19 Council evidence to form a part of the record on review, the Ninth Circuit did not find the

20 sentence six factors applicable.  *See*, *e.g.*, *Nelson*, 966 F.2d at 366 n.5 ("[O]nce the evidence is

21 submitted to the Appeals Council it becomes part of the record, thus it would not make sense to

22 require Nelson to present good cause for failing to make it part of a prior proceeding's record.")

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -13

01  Also, while defendants insist that the Court lacks jurisdiction to review the Appeals Council's

02  denial of review – and that the Ninth Circuit has not ruled on this issue – it is relevant to note that

03  the Ninth Circuit clearly assumed such jurisdiction in *Ramirez*. *See* 8 F.3d at 1454-55 (finding that

04  the Appeals Council erred in failing to find that the plaintiff met the requirements of a listing).

05  While this Court may not be bound by such an assumption, *see, e.g.*, *Sorenson v. Mink*, 239 F.3d

06  1140, 1149 (9th Cir. 2001) ("[U]nstated assumptions on non-litigated issues are not precedential

07  holdings binding future decisions."); *Estate of Magnin v. Commissioner*, 184 F.3d 1074, 1077 (9th

08  Cir. 1999) ("When a case assumes a point without discussion, the case does not bind future

09  panels."), the Commissioner fails to identify any binding precedential authority upon which this

10  Court could rely to support her position.

11        Accordingly, given all of the above, the undersigned considers the evidence submitted to

12  the Appeals Council pursuant to sentence four of § 405(g).  However, for the reasons described

13  below, even taking Dr. Noll's April 2005 report into consideration, substantial evidence supports

14  the ALJ's decision.

15        The ALJ's recitation of the evidence before him, including records from Dr. Noll, reflects

16  consideration of all of the symptoms discussed in Dr. Noll's April 2005 report, including, *inter*

17  *alia*, anxiety, panic attacks, depression, attention deficit, and anger.  (*See* AR 19-21 and AR 436.)

18  The ALJ nonetheless found plaintiff capable of working, while assessing moderate limitations in

19  social functioning and in concentration, persistence, and pace, and finding plaintiff should not

20  work closely with others or the public.  (AR 22-23.)  The fact that Dr. Noll reflected in April 2005

21  that plaintiff "*continues* to suffer with a very low frustration tolerance and stress tolerance,"

22

01  therefore, does not undermine the ALJ's decision.[3]  (AR 436.)  Additionally, it should be noted

02  that, despite opining as to plaintiff's inability to work, Dr. Noll noted  *greater* functionality as

03  related to certain medications and "modest *improvements* in mood and energy level."  ( *Id.*

04  (emphasis added.))

05       Moreover, the ALJ's conclusion as to plaintiff's limitations reflects general acceptance of

06  the opinions of the state agency physicians and differs from Dr. Noll's April 2005 finding that

07  plaintiff met the criteria for Listing 12.04.  (*See* AR 23 ("I generally agree with the State Agency

08  physicians concerning [plaintiff's] mental limitations, but note that the record does support that

09  the claimant has frequently reported problems with anger, so he probably should not work closely

10  with others or the general public."), AR 246 (state agency physicians assessed moderate

11  difficulties in maintaining concentration, persistence, and pace and mild difficulties in maintaining

12  social functioning), and AR 443 (Dr. Noll found plaintiff met the criteria for Listing 12.04 in that

13  he had marked limitations in maintaining social functioning and in concentration, persistence, and

14  pace.))  The mere fact that Dr. Noll for the first time opined that plaintiff met the criteria for

15  Listing 12.04 does not warrant remand.  If that were the case, a plaintiff would need only submit

16  a report including a previously unstated opinion to the Appeals Council in order to obtain further

17  review.  Instead, it can be said that, here, there is substantial evidence to support the ALJ's

18  decision even taking Dr. Noll's April 2005 report into consideration.  At the same time, because

19  the undersigned finds further administrative proceedings necessary in this matter for a different

20

---

21       [3] Given this statement as to plaintiff's "continu[ing]" problems (AR 436), the
    Commissioner's argument that Dr. Noll's April 2005 report relates solely to a different time period

22  is not persuasive.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -15

01 reason, as discussed below, the ALJ should also take the opportunity to specifically address Dr.

02 Noll's April 2005 report.

03 <u>Credibility Assessment</u>

04      Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

05 reject a claimant's testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). *See*

06 *also Thomas*, 278 F.3d at 958-59.  In finding a social security claimant's testimony unreliable, an

07 ALJ must render a credibility determination with sufficiently specific findings, supported by

08 substantial evidence.  "General findings are insufficient; rather, the ALJ must identify what

09 testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81

10 F.3d at 834.  "We require the ALJ to build an accurate and logical bridge from the evidence to her

11 conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."

12 *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the

13 ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between

14 his testimony and his conduct, his daily activities, his work record, and testimony from physicians

15 and third parties concerning the nature, severity, and effect of the symptoms of which he

16 complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

17      In this case, the ALJ rendered the following credibility assessment:

18 I do not find the claimant particularly credible.  He said that he had back pain that
prevented him from doing work and that panic attacks and anxiety would prevent him
19 from working.  He said that when he was really anxious, he stayed home.  The
evidence shows that much of the claimant's anxiety is related to his family and his
20 neighbors, and that he tends to leave home as a way to diffuse his anger and anxiety.
The claimant testified that he only mowed the lawn twice a month and that this caused
21 severe pain, but the record shows that in the summer of 2004, he was planning on
building onto his garage, he was working three hours a day in the yard, he worked in
22 the yard instead of walking.  He injured his thumb on two different occasions this

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -16

01    summer while he was working on cars.  He was also active in 2002, reporting that he
      was very active in August of 2002.  He first mentioned back pain to his treating
02    doctor in August of 2004.  The claimant said that he had partial panic attacks several
      times a week, but in April of 2004, he denied any significant panic for a few weeks.
03    The claimant admitted to no full panic attack since 2002.

04    (AR 22.)

05        Plaintiff asserts that the ALJ failed to provide clear and convincing reasons for rejecting

06    his testimony, failed to identify what specific testimony was not credible and how this evidence

07    undermines his other complaints, and inaccurately paraphrased the record.  With respect to the

08    latter, plaintiff goes into specific detail regarding his back pain, anxiety, and home projects.  (*See*

09    Dkt. 13 at 18-21.)

10        Plaintiff also contends the ALJ failed to address his pain with the specificity required by

11    Social Security Ruling (SSR) 96-7p.  That ruling indicates, *inter alia*, that it is not sufficient for

12    the ALJ "to make a single, conclusory statement that 'the individual's allegations have been

13    considered' or that 'the allegations are (or are not) credible[,]'" and that the "decision must

14    contain specific reasons for the finding on credibility, supported by the evidence in the case record,

15    and must be sufficiently specific[.]" SSR 96-7p.  Plaintiff asserts that, rather than identifying which

16    pain complaints were not credible, the ALJ in this case merely stated when performing the RFC

17    assessment that he must consider plaintiff's pain and then construed the record to reflect an

18    individual more physically and socially active than attested to by plaintiff.

19        Contrary to plaintiff's contention, the ALJ did target specific testimony for criticism.  For

20    example, the ALJ contrasted plaintiff's testimony regarding his back pain with the fact that he only

21    first complained about back pain to his treating physician in August 2004, as well as evidence in

22    the record demonstrating plaintiff's physical activity.  This discussion evidenced the ALJ's

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -17

01   consideration of plaintiff's pain.   The ALJ also found an inconsistency between plaintiff's

02   testimony regarding panic attacks and other evidence in the record.   The ALJ appropriately

03   addressed these perceived inconsistencies in rendering his credibility assessment.   *See Light*, 119

04   F.3d at 792.   Also, while plaintiff may disagree with the ALJ's interpretation of the evidence in

05   the record, he fails to show that the ALJ's interpretation was not rational.   *See Thomas*, 278 F.3d

06   at 954.   For these reasons, plaintiff fails to demonstrate any error in the ALJ's credibility

07   assessment.

08                                          <u>Lay Witness Statement</u>

09          Lay witness testimony as to a claimant's symptoms or how an impairment affects ability

10   to work is competent evidence.   *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).   The

11   ALJ can reject the testimony of lay witnesses only upon giving reasons germane to each witness.

12   *See Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (finding rejection of testimony of

13   family members because, *inter alia*, they were "'understandably advocates, and biased'" amounted

14   to "wholesale dismissal of the testimony of all the witnesses as a group and therefore [did] not

15   qualify as a reason germane to each individual who testified.") (citing *Dodrill v. Shalala*, 12 F.3d

16   915, 918 (9th Cir. 1993)).   *Accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("[L]ay

17   testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account,

18   unless he or she expressly determines to disregard such testimony and gives reasons germane to

19   each witness for doing so.")

20          Plaintiff asserts that the ALJ erred in disregarding the lay witness statement of his sister

21   without comment.   In a September 2002 questionnaire, Elizabeth Ramel attested to,   *inter alia*,

22   plaintiff's problems with anxiety, depression, mood swings, violent outbursts, attention, memory,

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -18

01 handling changes in his daily routine, arguing, fear or suspicion/paranoia, and patience.  (*See* AR

02 143-47.) She described plaintiff's relationship with former employers, supervisors, and coworkers

03 as "[f]rustrating, threatening, paranoid, and known to argue with supervisors[,]" and recounted

04 his loss of a job after an incident in which he became angry and yelled at his supervisor.  (AR 144.)

05 Ms. Ramel added:

> He seems to have trouble with anxiety and anger, which has resulted in domestic
> violence with me and ended up with him going to jail.  His moods seem to change
> constantly and I don't know what to expect.  Since his head injury, he has been harder
> to live around.  I wish his condition would improve.  Some days I walk "on eggshells"
> and keep a packed suitcase handy.  He is my only brother and I can't help wanting
> what is best for him.

> (AR 147.)

11 Although conceding that the ALJ did not address Ms. Ramel's questionnaire, the

12 Commissioner argues that the ALJ's findings are consistent with her statements in that the ALJ

13 found plaintiff had a moderate limitation in concentration, persistence, and pace and could tolerate

14 only occasional contact with coworkers and the public.  The Commissioner asserts that, given this

15 consistency, the ALJ's failure to address the questionnaire is harmless.  *See Batson v.*

16 *Commissioner of the Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (applying harmless

17 error standard to assumption made by ALJ).

18 As noted by plaintiff in his reply, the consistency pointed to by the Commissioner does not

19 account for the totality of Ms. Ramel's statement.  It does not address, for example, her testimony

20 that plaintiff was prone to violent outbursts.  The ALJ did elsewhere account for some of Ms.

21 Ramel's testimony, including that related to a charge of domestic violence:

22 He is able to take care of his activities of daily living.  The record indicates that he

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -19

01  does household chores, he takes care of himself and he does his own shopping.  I find
02  that the claimant has mild limitations in his activites of daily living.  The claimant has
    some anger problems.  He has been charged with domestic violence, but that was
03  prior to his seeking counseling.  The record shows that he has had to develop methods
    of coping with anger, but he has not acted out on his anger.  He is able to attend
04  church and a men's group at church, but is otherwise isolated except for family.  I find
    that he has moderate limitations in social functioning.  In concentration, persistence
05  or pace, he does have attention deficit disorder, and has problems with extended
    concentration, but he is able to finish household tasks.  He has said that he reads to
06  help relieve his anxiety.  I find that he has moderate limitations in concentration,
    persistence or pace.  This is no evidence of an episode of decompensation of extended
07  duration.  He is able to function outside his home and he does not decompensate with
    slight increases in stress.

08  (AR 22.)  The ALJ also further concluded "that the record does support that the claimant has

09  frequently reported problems with anger, so he probably should not work closely with others or

10  the general public."  (AR 23.)

11      However, the Commissioner's harmless error argument nonetheless fails.  The Ninth

12  Circuit recently articulated the following standard for cases in which an ALJ fails to discuss lay

13  testimony:  "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony

14  favorable to the claimant, a reviewing court cannot consider the error harmless unless it can

15  confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have

16  reached a different disability determination."  *Stout v. Commissioner, Soc. Sec. Admin.*, ___ F.3d

17  ___, No. 04-36006, 2006 U.S. App. LEXIS 18578, at *15-16 (9th Cir. July 25, 2006).  In this

18  case, it cannot be said that no reasonable ALJ, upon fully crediting the testimony of Ms. Ramel

19  as described above, would have reached a different disability determination.

20      Plaintiff requests that the opinions of his sister be credited as a matter of law.  Crediting

21  an opinion as a matter of law is appropriate when, taking that opinion as true, the evidence

22  supports a finding of disability.  *See*, *e.g.*, *Schneider v. Commissioner of Soc. Sec. Admin.*, 223

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -20

01    F.3d 968, 976 (9th Cir. 2000) ("When the lay evidence that the ALJ rejected is given the effect

02    required by the federal regulations, it becomes clear that the severity of [plaintiff's] functional

03    limitations is sufficient to meet or equal [a listing.]"); *Lester*, 81 F.3d at 830-34 (finding that, if

04    doctors' opinions and plaintiff's testimony were credited as true, plaintiff's condition met a listing)

05    (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)); *Smolen*, 80 F.3d at 1292

06    (ALJ's reasoning for rejecting subjective symptom testimony, physicians' opinions, and lay

07    testimony legally insufficient; finding record fully developed and disability finding clearly required).

08    However, courts retain flexibility in applying this "'crediting as true' theory." *Connett v.*

09    *Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations where there

10    were insufficient findings as to whether plaintiff's testimony should be credited as true).  As stated

11    by one district court: "In some cases, automatic reversal would bestow a benefits windfall upon

12    an undeserving, able claimant." *Barbato v. Commissioner of Soc. Sec. Admin.*, 923 F. Supp.

13    1273, 1278 (C.D. Cal. 1996) (remanding for further proceedings where the ALJ made a good faith

14    error, in that some of his stated reasons for rejecting a physician's opinion were legally

15    insufficient).

16         The record in this case does not support a finding of disability even taking the testimony

17    of Ms. Ramel as true.  As such, this matter should be remanded for further administrative

18    proceedings to allow the ALJ to address Ms. Ramel's questionnaire.

19                            <u>Step Five</u>

20         In his briefing, plaintiff argued that, given the above described errors, the ALJ failed to

21    meet his burden at step five.  To the extent required by the reconsideration of lay testimony, the

22    ALJ should reassess the remaining steps of the five-step process.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -21

01       Also, in oral argument, plaintiff raised a new step five argument, asserting that the ALJ

02    never discussed the assessed moderate limitation on concentration, persistence, and pace with the

03    vocational expert, describing instead a limitation to "simple, routine" tasks. (AR 76.)  The Court

04    need not address arguments raised for the first time in oral argument.  However, because this

05    matter is deemed appropriate for remand on another ground, and for the reasons described below,

06    the undersigned will address this new argument.

07       A hypothetical posed to a vocational expert must include all of the claimant's functional

08    limitations supported by the record. *Thomas*, 278 F.3d at 956 (citing *Flores v. Shalala*, 49 F.3d

09    562, 520-71 (9th Cir. 1995)).   A vocational expert's testimony based on an incomplete

10    hypothetical lacks evidentiary value to support a finding that a claimant can perform jobs in the

11    national economy. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (citing *DeLorme v.*

12    *Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)).

13       Here, as noted by plaintiff in oral argument, although the ALJ referred to a document

14    containing the concentration, persistence, and pace limitation in posing his hypothetical question,

15    the vocational expert indicated he was not in possession of that document. (*See* AR 50 (referring

16    to exhibits, the vocational expert indicated he had the "E's not the F's" and ALJ Bauer

17    subsequently referred to "Exhibit 3F, 11" as supporting the limitation to simple, routine tasks) and

18    AR 246 (exhibit 3F11 indicates moderate difficulties in concentration, persistence, or pace.))

19    Therefore, the vocational expert responded solely with respect to an individual limited to simple,

20    routine tasks.  As such, it can be said that the hypothetical posed to the vocational expert did not

21    adequately include all of plaintiff's functional limitations. *Compare Thomas*, 278 F.3d at 956 (ALJ

22    failed to include a concentration, persistence and pace limitation in a hypothetical to a vocational

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -22

01   expert, but instructed the vocational expert to credit the preceding testimony of a physician who

02   specifically testified to such a limitation and provided a copy of the exhibits presented in the

03   hearing; "This case is not one where the [vocational expert (VE)] was presented with a

04   voluminous conflicting record, requiring the VE to remember numerous premutations of varying

05   limitations.  Rather, the ALJ directed the VE to credit fully a specific portion of the record, which

06   the VE had just heard.  As a result, the ALJ's hypothetical adequately incorporated Ms. Thomas'

07   limitation of concentration, persistence and pace."), *with Newton v. Chater*, 92 F.3d 688, 695 (8th

08   Cir. 1996) (finding of deficiencies of concentration, persistence, or pace was not adequately

09   presented where ALJ's hypothetical limited the claimant to simple jobs).  On remand, the ALJ

10   should compose a complete hypothetical to the vocational expert, including any limitations on

11   concentration, persistence, or pace.

12                                        **<u>CONCLUSION</u>**

13         This matter should be REMANDED for further administrative proceedings consistent with

14   the above discussion.  A proposed order accompanies this Report and Recommendation.

15         DATED this <u>3rd</u> day of August, 2006.

16                                                          _____
                                                            Mary Alice Theiler
17                                                          United States Magistrate Judge

18

19

20

21

22

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -23